The Honorable David R. Ellspermann Clerk of Circuit Court Marion County Post Office Box 1030 Ocala, Florida 34478-1030
Dear Mr. Ellspermann:
You ask substantially the following question:
When are fines and forfeitures imposed by a county court for violations of state statutes occurring within a municipality's jurisdiction to be remitted to the municipality?
In sum:
Fines and forfeitures imposed by a county court for violations of state statutes occurring within a municipality's jurisdiction are remitted to the municipality only as provided in sections 34.191
and 142.03, Florida Statutes.
Section 34.191(1), Florida Statutes, states:
"All fines and forfeitures arising from offenses tried in the county court shall be collected and accounted for by the clerk of the court and deposited in a special trust account. All fines andforfeitures received from violations of ordinances or misdemeanors committed within a county, or of municipal ordinances committedwithin a municipality within the territorial jurisdiction of thecounty court, shall be paid monthly to the county or municipality
respectively except as provided in s. 318.21 or s. 943.25."[1]
(e.s.)
Based upon the language in this statute, this office has concluded in previous opinions that the fines and forfeitures to be disbursed to municipalities are generally those collected for violations of municipal ordinances committed within the municipality.[2] While fines and forfeitures collected for violations of state statutes occurring within a municipality are not generally paid to the municipality, there are specific statutorily prescribed instances when they are.[3]
The ability of a municipality to collect fines and forfeitures, including specified instances where a violation of state statute has occurred in a municipality, is recognized in section 142.03, Florida Statutes, which, in pertinent part, provides:
"[F]ines, forfeitures, and civil penalties collected in cases involving violations of municipal ordinances, violations of chapter 316 committed within a municipality, or infractions under the provisions of chapter 318 committed within a municipality . . . shall be fully paid monthly to the appropriate municipality as provided in ss. 34.191, 316.660, and 318.21. . . ."
Section 316.660, Florida Statutes, states:
"Except as otherwise provided by law, all fines and forfeitures received by any county court from violations of any of the provisions of this chapter, or from violations of any ordinances adopting matter covered by this chapter, must be paid and distributed as provided in s. 318.21."
A county court's disposition of all civil fines received pursuant to Chapter 318, Florida Statutes, is prescribed in section 318.21, Florida Statutes. After payment of specific sums to the Child Welfare Training Trust Fund and the Juvenile Justice Training Trust Fund,[4] section 318.21(2)(g)1., Florida Statutes (1998 Supplement), states, "[i]f the violation occurred within a municipality . . ., 56.4 percent [of the remainder] shall be paid to that municipality. . . ."
Where the Legislature has directed how a thing is to be done, the statutorily prescribed manner operates to preclude its being done in any other way.[5] The statutorily prescribed manner in which fines and forfeitures for violations of state statutes occurring within the municipality may be paid to a municipality would govern the clerk's authority to disburse such funds.
Accordingly, the clerk may disburse to a municipality fines and forfeitures for violations of state law committed within a municipality as authorized in sections 34.191 and 142.03, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 943.25(3), Fla. Stat., was renumbered as subsection 1, amended and transferred to s. 938.01, Fla. Stat, by s. 3, Ch. 97-271, Laws of Florida, and now provides:
"All courts created by Art. V of the State Constitution shall, in addition to any fine or other penalty, assess $3 as a court cost against every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance. Any person whose adjudication is withheld pursuant to the provisions of s. 318.14(9) or (10) shall also be assessed such cost. In addition, $3 from every bond estreature or forfeited bail bond related to such penal statutes or penal ordinances shall be forwarded to the Treasurer as described in this subsection. However, no such assessment may be made against any person convicted for violation of any state statute, municipal ordinance, or county ordinance relating to the parking of vehicles."
Section 938.01(1)(a), Fla. Stat., further directs that the collected costs be remitted to the Department of Revenue for deposit in the Additional Court Cost Clearing Trust Fund and earmarked for distribution to the Criminal Justice Standards and Training Trust Fund and the Operating Trust Fund.
[2] See, Ops. Att'y Gen. Fla. 74-137 (1974), 73-203 (1973), and 73-201 (1973).
[3] See, ss. 316.660, 318.21 and 938.01, Fla. Stat. Cf., Ops. Att'y Gen. Fla. 74-240 (1974) and Fla. 78-111 (1978), recognizing that a municipality by ordinance may adopt state criminal or penal statutes by reference and receive the fines and forfeitures and civil penalties generated from violations of such ordinance. Andsee, Op. Att'y Gen. Fla. 78-138 (1978) (violation of a municipal ordinance adopting or incorporating the state's criminal laws requires citation to ordinance for municipality to receive fines imposed by the court; citation to state criminal laws results in county receiving the fines under s. 142.03, Fla. Stat.).
[4] See, s. 318.21(1), Fla. Stat.
[5] See, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (express statutory direction as to how a thing is to be done is implied prohibition of its being done in any contrary manner).